# Richmond

LEONIDAS TRIPLETT, ET AL. V. HERBERT TROTTER, EXECUTOR OF JOSEPH I. TRIPLETT, DECEASED, ET AL.

November 11, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Eggleston and Spratley, JJ.

The opinion states the case.

*Aubrey G. Weaver, Kern & Kern, J. Donald Richards, Harrison & Harrison* and *Lewis C. Williams,* for the appellants.

*R. Gray Williams* and *F. S. Tavenner,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This appeal involves the interpretation and validity of certain provisions of Dr. Joseph I. Triplett's will, the probate of which was settled in *Triplett's Executor* v. *Triplett,* 161 Va. 906, 172 S. E. 162. The will is quite lengthy and only those portions which are material to the questions here involved will be set out.

After making certain relatively small specific bequests the testator devised and bequeathed the remainder of his property for the purpose of founding, building, and maintaining an educational institution to be known as "Triplett Business College," to be located on certain designated land in Shenandoah county, Virginia. To carry out the provisions of the trust he named four trustees who were to constitute a self-perpetuating board and who were given wide discretion in the building, maintenance, and operation of the college.

The precise language around which the present controversy centers is this:

"To all worthy and dependent young men to obtain a business education was the inspiration in founding the institution. Hence the earnings of the endowment will be primarily subject to the maintenance of the school as may be needed, in consequence of free tuition students whom are to be welcomed to the full capacity of the College if the earnings of the endowment are adequate which is my desire it shall be. * * *

\*　　\*　　\*　　\*　　\*　　\*　　\*

" * * * Applicants for scholarships will be required to furnish satisfactory evidence of their actual need of such assistance and hold certificates of graduation at a High School or other favorably regarded schools issuing certificates of proficiency in English Branches—and be residents of the State, or Counties of Jefferson, Hampshire, Berkley, Hardy, Grant and Pendleton, West Va., and of the States of North and South Carolina, preferably of such sections where the Tripletts Woodstock Mills products are marketed in the latter States, * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"The trustees will fill vacancies occurring in the board and the Board of Trustees will have charge of the finances. * * *"

By appropriate proceedings in the court below those interested attacked the provisions in the will for establishing and maintaining the college. From a decree upholding the validity of the trust the present appeal has been taken.

Counsel for the respective parties here agree that at common law in Virginia all gifts to trustees for educational or charitable purposes are void and must fail unless validated by some act of the legislature.

Appellees contend, and the lower court held, that the gift here is validated by Code, section 587 (as amended by the Acts of 1914, ch. 324, p. 414), which reads as follows:

"Every gift, grant, devise or bequest which, since the second day of April, in the year one thousand eight hundred and thirty-nine, has been, or at any time hereafter shall be, made for literary purposes, or for the education of white persons within this State, and every gift, grant, devise, or bequest which, since the tenth of April, in the year one thousand eight hundred and sixty-five has been, or at any time hereafter shall be, made for literary purposes, or for the education of colored persons within this State, and every gift, grant, devise or bequest hereafter made for charitable purposes, whether made in any case to a body corporate or unincorporated, or to a natural person, shall

be as valid as if made to or for the benefit of a certain natural person, except such devises or bequests, if any, as have failed or become void by virtue of the seventh section of the act of the General Assembly passed on the said second of April, eighteen hundred and thirty-nine, entitled 'an act concerning devises made to schools, academies, and colleges.' Nothing in this section shall be so construed as to give validity to any devise or bequest to or for the use of any unincorporated theological seminary."

On their part appellants contend that the gift is not validated by this section, because, they say—

(1) The will neither expressly nor impliedly shows whether the college is to be used for the education of white persons or colored persons, and such specification is required by the statute in the case of a trust for educational purposes.

(2) The will provides for the education in the college of persons not residents of Virginia, whereas the statute validates a gift only for the education of residents of this State.

(3) The will fails to specify whether the beneficiaries are white or colored persons, hence the trust is too indefinite to qualify under the statute as a gift for charitable purposes.

With respect to their first contention appellants argue that the gift here, which is, in effect, for the purpose of aiding in the education of "all worthy and dependent young men," is not within the purview of section 587; that while the statute validates a gift for the "education of white persons" or a gift for the "education of colored persons," as separate classes, it was not designed to validate a gift, such as this, which fails to specify which class is intended.

Admittedly the language of the statute validates a gift for the education of either white or colored persons as separate classes. Here the testator leaves to the discretion of the self-perpetuating board of trustees the selection of the "worthy and dependent young men" who are to be admitted to the college. They may select all applicants from one class and reject all applicants from the other. So long

as the trustees do this they are certainly carrying out the provisions of the trust. And just as certainly such a trust complies with the statute because it is a gift for the "education of white persons" or for the "education of colored persons."

But it is said that the language of the will is broad enough to permit the trustees to admit to the college both white and colored persons, and that surely this was not the intention of the framers of Code, section 587.

The answer to this argument is that the will does not compel the trustees to make their selection from both classes. They may select applicants from either. And we have just seen that the statute validates a gift for the education of either white or colored persons as separate classes.

In *Domestic & Foreign Missionary Society* v. *Hospital,* 163 Va. 114, 133, 176 S. E. 193, 200, this court quoted with approval the following from 28 Ruling Case Law, pp. 206, 207, which is appropriate here:

" 'In the construction of wills the object is not to seek flaws and declare them invalid, but to sustain them if legally possible, and the presumption is that the testator intended a lawful rather than an unlawful thing. Therefore, where the language used in the will is reasonably susceptible of two different constructions, one of which will defeat, and the other sustain the provisions, the doubt is to be resolved in favor of the construction which will give effect to the will, rather than the one which will defeat it.' "

Applying this principle, the trust is validated when we adopt the interpretation that the testator intended that the applicants for the college should come from one of the two classes, either white or colored, and not from both.

We, therefore, reach the conclusion that the gift to establish and maintain a college for the education of such "worthy and dependent young men" as may be selected by a board of trustees designated or provided for in the will, and as the income of the trust will permit, is on its face a valid gift for educational purposes under Code, section 587.

Having arrived at this conclusion it becomes unnecessary that we discuss the admissibility and effect of the extrinsic evidence offered by appellees in support of their contention that the testator intended to benefit only *white* "worthy and dependent young men."

Appellants next contend that under Code, section 587, a gift for educational purposes must be for the education of persons "within this State," that this means residents of Virginia, and that the gift in this instance is void because it expressly provides for the education of non-residents of this State.

We think the provision of the statute validating a gift for the education of white and colored "persons within this State" means that the institution itself shall be located in Virginia, and not that the beneficiaries of such gift shall be confined to residents of this State.

The history of this section begins with the Act of April 2, 1839 (Acts 1839, ch. 12, p. 11), entitled "An act concerning devises made to schools, academies, and colleges." It validates gifts "for the establishment or endowment of any unincorporated school, academy or college within this Commonwealth, for the education of free white persons," etc. We thus see that the parent statute in express terms validates a gift to an educational institution located in this State.

In the Code of 1849, ch. 80, sec. 2, the validation is of a gift "for the education of white persons within this State (other than for the use of a theological seminary)." While the language is changed and broadened, the exception of a theological seminary would indicate that the legislative intent was still directed to the location of the institution, and not to the residence of the beneficiaries, in Virginia.

In the Code of 1860, ch. 80, sec. 2, and in the Code of 1887, sec. 1420, the language, including the exception of a theological seminary, is the same as that found in the Code of 1849. Even in the present statute an "unincorporated theological seminary" is excepted.

We thus see that in the development of the statute there is nothing to suggest that the legislature has abandoned its original intent, expressly stated in the Act of 1839, to validate a gift in favor of an educational institution located in this State, and in lieu thereof to validate a gift for educational purposes only where the beneficiaries are residents of Virginia.

Having decided that the bequest is valid as a gift for educational purposes under Code, section 587, it becomes unnecessary to discuss whether it is valid as a gift for charitable purposes under said section.

For the reasons stated the decree is

*Affirmed.*